IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| M&I MARSHALL & ILSLEY BANK, VINCENT D VOGLER, <br><br>Plaintiffs, <br><br>v. <br><br>SUNRISE FARMS DEVELOPMENT, LLC, ERNEST R. COLEMAN SR., DANIEL E. WHITNEY, GARY MADDOCK, BYARS & 150 ENTERPRISES, LLC, THE MADDOCK GROUP, LLC, FAMILY LAND INVESTORS, LLC, <br><br>Defendants. | Case No. 4:10-00627-CV-RK |

**AMENDED ORDER TO SHOW CAUSE**

This matter is before the Court on the motion for revival of judgment pursuant to Missouri Supreme Court Rule 74.09 filed by Plaintiff M&I Marshall & Ilsley Bank ("Bank"). (Doc. 136.) Rule 69(a) of the Federal Rules of Civil Procedure provides that the process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a).

Under Missouri law, "[a] judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment." Mo. R. Civ. P. 74.09(a); *see* Mo. Rev. Stat. §§ 511.370-511.430. "Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives." Mo. R. Civ. P. 74.09(b). Under Missouri Rule of Civil Procedure 54.14(a)(2), personal service outside the state, as requested by Plaintiff, may be served "[b]y a person appointed by the court in which the action is pending."

In this case, judgment was entered on February 1, 2013, against Defendants Sunrise Farms Development, LLC, f/k/a Rausch Coleman Cray, LLC, and Ernest Coleman, Sr., among others, jointly and severally, in the amount of $2,353,465.04 plus postjudgment interest to accrue at the highest lawful rate plus costs and fees, which includes reasonable attorneys' fees, incurred by the Bank in enforcing the judgment. (Doc. 137.) Plaintiff filed a motion for revival of judgment on October 12, 2022 (Doc. 136), which is within the ten-year time limit under Missouri law. Accordingly, the Court now issues this Order directed to subject defendants to show cause why the judgment in this action should not be revived. Plaintiff has also filed a motion for appointment of process server. (Doc. 147.)

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Sunrise Farms Development, LLC, f/k/a Rausch Coleman Cray, LLC, and Ernest Coleman, Sr., shall appear for a show cause hearing on **Thursday, May 11, 2023, at 9:30 a.m., in Courtroom 8B**. Defendants should be prepared to show cause why the judgment in this action should not be revived.

**IT IS FURTHER ORDERED** that Plaintiff shall cause this order to be personally served on said Defendants and shall promptly file proof of service of this Order with the Clerk of Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of process server (Doc. 147) is **GRANTED.** Justin Goodhart of Goodhart Services, LLC, PO Box 912, Prairie Grove, AR 72753 is appointed to serve this order on Defendants Sunrise Farms Development, LLC, f/k/a Rausch Coleman Cray, LLC, and Ernest Coleman, Sr.

**IT IS SO ORDERED.**

        s/ Roseann A. Ketchmark
        ROSEANN A. KETCHMARK, JUDGE
        UNITED STATES DISTRICT COURT

DATED: March 13, 2023