IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| M&I MARSHALL & ILSLEY BANK, VINCENT D VOGLER, <br><br>   Plaintiffs, <br><br> v. <br><br> SUNRISE FARMS DEVELOPMENT, LLC, ERNEST R. COLEMAN SR., DANIEL E. WHITNEY, GARY MADDOCK, BYARS & 150 ENTERPRISES, LLC, THE MADDOCK GROUP, LLC, FAMILY LAND INVESTORS, LLC, <br><br>   Defendants. | Case No. 4:10-00627-CV-RK |

## ORDER GRANTING MOTION FOR REVIVAL OF JUDGMENT

This matter is before the Court on the motion for revival of judgment pursuant to Missouri Supreme Court Rule 74.09 filed by Plaintiff M&I Marshall & Ilsley Bank ("Bank"). (Doc. 136.)

In this case, judgment was entered on February 1, 2013, against Defendants Sunrise Farms Development, LLC, f/k/a Rausch Coleman Cray, LLC, and Ernest Coleman, Sr., among others, jointly and severally, in the amount of $2,353,465.04 plus post-judgment interest to accrue at the highest lawful rate plus costs and fees, which includes reasonable attorneys' fees, incurred by the Bank in enforcing the judgment. (Doc. 137.)

Rule 69(a) of the Federal Rules of Civil Procedure provides that the process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a).

Under Missouri law, "[a] judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment." Mo. R. Civ. P. 74.09(a); *see* Mo. Rev. Stat. §§ 511.370-511.430. "Upon the filing of a motion of revival of a judgment, an order shall issue

to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives." Mo. R. Civ. P. 74.09(b). Under Missouri Rule of Civil Procedure 54.14(a)(2), personal service outside the state, as requested by Plaintiff, may be served "[b]y a person appointed by the court in which the action is pending."

If the judgment debtor and/or his legal representatives "fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment." Rule 74.09(c). "Grounds to show cause why the judgment should not be revived are limited." *Alamin v. Alamin*, 658 S.W.3d 94, 100 (Mo. Ct. App. 2022). In particular:

> The only available defenses to revival of a judgment are those concerning (1) whether the judgment creditor initiated the proceeding within the prescribed time of ten years; (2) whether service, either personal or by publication, was obtained on the judgment debtor; (3) whether the judgment existed; and (4) whether the judgment was satisfied.

*Id.* (internal quotation omitted). Any other issues are to be raised, not at the show cause hearing on Plaintiff's motion for revival of judgment, but rather in a proceeding at the time the judgment is executed, including the amount owed on the judgment and issues relating to computation of the amount remaining to be paid. *Id.*

Here, Plaintiff filed a motion for revival of a February 1, 2013 judgment on October 12, 2022 (Doc. 136), which is within the ten-year time limit under Missouri law. The Court entered an Amended Show Cause Order of March 13, 2023 (Doc. 148), which was served on Defendants Sunrise Farms Development, LLC, f/k/a Rausch Coleman Cray, LLC, and Ernest Coleman, Sr., on March 30, 2023 (Doc. 149), and set a hearing. The hearing was cancelled due to the Court's scheduling conflict and was continued to June 29, 2023, with a new amended show cause order. (Doc. 151.) Plaintiff moved to continue the hearing to accomplish service on Defendant (Doc. 152) and the hearing was reset for August 24, 2023 (Doc. 157). After some difficulty, Defendant Coleman was served on July 13, 2023. (Doc. 159.) The hearing on the motion to revive judgment was held on August 24, 2023, at 10:30 am, and Defendants did not appear.

Accordingly, Plaintiffs' motion for revival of judgment (Doc. 136) is **GRANTED**.

IT IS SO ORDERED.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 25, 2023